Paula G. Pumphrey, Interim Director Arkansas Adult Probation Commission Tower Bldg., Suite 1210 323 Center Street Little Rock, AR 72201
Dear Ms. Pumphrey:
This is in response to your request for an opinion on the following questions:
 1. How should automated offender records be treated once a probationer's record is eligible for expungement (particularly those sentenced under Acts 346 and 378 of 1975, i.e., leave as is and tag file `expunged' but not open to public inspection, delete from database, maintain demographic data and block criminal information, etc.?
 2. How long should criminal records generated in the adult probation system be retained following termination of a probation sentence and what is the method of disposal?
It should be initially noted that the particular statutory basis for the expungement must be considered in addressing these questions. Under the Arkansas Juvenile Code of 1989, for example, "expunge" means "to destroy." A.C.A. 9-27-309(b) (Supp. 1989). With regard, specifically, to Acts 346 and 378 of 1975, the relevant provisions are codified at A.C.A. 16-93-301 to -303 and 16-93-501 to -510. Under Section 1 of Act 346 of 1975, codified at A.C.A. 16-93-301, "expunge" means:
 . . . to make an entry upon the official records kept in the regular course of business by law enforcement agencies and judicial officials evidencing the fact that the records are those relating to first offenders as so determined by the court; that the records shall be sealed, sequestered, treated as confidential, and only available to law enforcement and judicial officials; and that the defendant was completely exonerated of any criminal purpose; and that the disposition shall not affect any civil rights or liberties of the defendant.
The term `expunge' shall not mean the physical destruction of any official records of law enforcement agencies or judicial officials.
A similar definition of "expunge" appears in Section 2 of Act 378 of 1975, as amended (A.C.A. 16-93-502(7) (Supp. 1989)).
It is thus clear, in response to your first question, that some entry must be made evidencing the fact that the records relate to first offenders or eligible offenders, as the case may be. See A.C.A. 16-93-301 and 16-93-502(7)(A) (Supp. 1989). Under16-93-301, the entry must evidence the fact that the records are those relating to "first offenders as so determined by the court." Under 16-93-502(7)(A) (Supp. 1989), the entry must show that the records relate to "eligible offenders as so determined and sentenced or paroled under the provisions of this subchapter." This language suggests that the entries should identify the act under which the records were expunged.
The records must, additionally, be "sealed, sequestered, treated as confidential, and only available to law enforcement and judicial officials." Id. The acts do not specify how confidentiality is to be ensured. With regard, however, to automated records, the fact that the records must be sealed and sequestered suggests that the entries should be handled in such a way as to prevent the identification, upon public inspection, of offenders whose identification, upon public inspection, of offenders whose records have been expunged. See Attorney General Op. No's. 81-202 and 85-94, copies enclosed. The records should not, however, be deleted from the database.
Id.
With regard to the maintenance of demographic data and block criminal information, specific provision is made in the Juvenile Code for the use or publication of statistics, data, or other materials which summarize or refer to juvenile records in the aggregate. A.C.A. 9-27-309 (Supp. 1989). Acts 346 and 378 of 1975 do not contain such a provision.
As to your second question concerning the retention of criminal records generated in the adult probation system, reference must be made to the Arkansas Public Records Management and Archives Act of 1973, codified at A.C.A. 13-4-101 et seq. Each agency official is charged under this act with the duty to develop and implement a program for the management of the agency's records. A.C.A.13-4-105(c) (Supp. 1989). The program is to be developed and implemented in accordance with guidelines set forth be the Arkansas History Commission. Id. Agency officials may obtain the assistance of the State Historian in scheduling the period of time during which each type of record shall be retained in the possession of the agency. A.C.A. 13-4-105(d) (Supp. 1989).
The guidelines established with the approval of the Arkansas History Commission should therefore be consulted in this regard. And the Adult Probation Commission may choose to request the assistance of the State Historian in scheduling a retention period for these records.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] The definition of "expunge" under Acts 346 and 378 of 1975 specifically excludes the physical destruction of any official records.